## PORTER v. SABIN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF MINNESOTA.

No. 221. Argued April 19, 20, 1893. — Decided May 15, 1893.

After a state court has appointed a receiver of all the property of a corporation, and while the receivership exists, stockholders of the corporation cannot bring a suit against the officers in a court of the United States for fraudulent misappropriation of its property, without making the receiver, as well as the corporation, a party to the suit; although the state court has denied a petition of the receiver for authority to bring the suit, as well as an application of the stockholders for leave to make him a party to it.

THIS was a bill in equity, filed September 9, 1887, and amended January 7, 1888, in the Circuit Court of the United States for the District of Minnesota, by Henry H. Porter and Ransom R. Cable, citizens of Illinois, and stockholders in the Northwestern Manufacturing and Car Company, a corporation of Minnesota, in behalf of themselves and of all other stockholders in that corporation, against Dwight M. Sabin, its former president, and Joseph C. O'Gorman, its former auditor and treasurer, and both citizens of Minnesota. The amended bill made that corporation, and the Minnesota Thresher Manufacturing Company, also a corporation of Minnesota, parties defendant, and alleged in substance as follows:

That Sabin and O'Gorman, as such officers of the Northwestern Company, during the period from 1882 to May 10, 1884, had the entire control and management of its business, and, without the authority or knowledge of the corporation or of its board of directors, or of these plaintiffs, fraudulently issued large amounts of its commercial paper for the benefit of other companies, and, in order to conceal their fraudulent transactions, made false entries in the books of the corporation, by reason of all which it became insolvent and its capital was wholly lost.

That on May 10, 1884, upon proceedings commenced against the corporation by some of its creditors in a court of the State of Minnesota, Edward S. Brown was appointed receiver of its estate and effects, and had since had the custody and possession thereof.

That on September 6, 1887, the plaintiffs caused to be presented to the state court a petition of the receiver, stating that he had been requested by the plaintiffs and others to commence a suit against Sabin and O'Gorman to recover from them such sums of money and the value of such property as had been lost to the corporation by their official misconduct, and did not deem it expedient to do so without the sanction of the court, and praying the court to make such order in the premises as it might deem expedient; that the petition of the receiver was opposed by a majority of the stockholders of the corporation, acting under the influence and in the interest of Sabin and O'Gorman, and was denied by the court.

"That, because of the unauthorized and fraudulent acts of said officers as aforesaid, and of the loss sustained by the Northwestern Manufacturing and Car Company in consequence thereof, a right of action exists in favor of said corporation against said officers to recover the amount of such loss; that, upon the appointment of a receiver of said corporation as aforesaid, such receiver was primarily the proper person to bring such a suit; that having made application to said receiver to bring such suit, which application has been duly presented to the court and authority to bring such action having been refused," these plaintiffs, "acting in their own behalf, and in behalf of the other stockholders of said corporation if they should choose to come in and be made parties to these proceedings, have the right to maintain said action for the common benefit of all parties interested in the result thereof."

That after the filing of the original bill, and on the same day, the plaintiffs applied to the state court for an order permitting the receiver to be made a party to the bill; that the application was opposed by Henry D. Hyde, claiming to represent creditors and stockholders, and particularly the

Minnesota Thresher Manufacturing Company; and that the court denied that application, as well as a further application then made by the plaintiffs to exclude, from a contemplated order of sale then pending before it, the cause of action set out in the bill, and all other actions which stockholders might maintain in right of the corporation.

That the Northwestern Company had never been dissolved by any legal authority, and was still in existence; but that all its property and tangible assets had been placed in the hands of the receiver appointed by the state court, and under an order of that court had been sold by public auction as a whole, and delivered to the purchaser.

That the Minnesota Thresher Manufacturing Company was organized, under a general statute of Minnesota, for the purpose of purchasing at judicial sale all the stock and assets of the Northwestern Company, including its good will, and of continuing the business of that company, except the manufacture of cars; that Sabin and O'Gorman, for the purpose of suppressing inquiry into their official acts and misconduct, obtained control of the direction and management of the Minnesota Company, and procured that company to apply to the state court for an order directing the sale of the assets and rights of action of the Northwestern Company, as a whole; that the court, notwithstanding the plaintiffs "protested against such sale of all of said assets, and particularly the sale of such rights of action as the stockholders would have a right to maintain in the name of said corporation if the corporation itself was unable or unwilling to do so, or if the receiver was not authorized to do so," made an order for the sale of the entire assets of the corporation as a whole, described in the order of sale as follows: "All the stock, property, things in action, and effects of the defendant, the Northwestern Manufacturing and Car Company, of which E. S. Brown has been appointed receiver in this action, or to which the receiver may be entitled as the same shall exist at the time of such sale, including all real estate, buildings, machinery, tools, patterns, fixtures, materials, articles manufactured, unmanufactured, or in process of manufacture, cash'

in hand, book accounts, letters patent, choses in action, bills receivable, and all other property, assets, claims, liens and demands of every name and nature, either in law or equity, and wherever situate;" that said property was accordingly sold on October 27, 1887, to Hyde, as agent and trustee for the Minnesota Company, for the sum of $1,105,000; that the court afterwards confirmed the sale, and directed the receiver, upon payment of the purchase money, to deliver to the purchaser all the assets included in the order of sale, which had not yet been delivered; and that the Minnesota Company was a party to the fraudulent scheme of Sabin and O'Gorman, and was not a purchaser in good faith, and acquired no title to the right of action involved in this suit.

"That the rights of action involved in this suit are of such a character that they can only be prosecuted by the corporation or its receiver or some one or more of its stockholders; and that it is not such an action or right of action as the corporation itself or its receiver, acting under the direction of the court, could sell or transfer to a purchaser so as to qualify such purchaser with the right to maintain such action and thereby deprive the stockholders of their rights in the premises."

The bill prayed for an account against Sabin and O'Gorman, and for payment and distribution of the sums thereupon found due; and that the Minnesota Company be declared to have no interest in this cause of action, or, at most, an interest subordinate to that of the plaintiffs and other stockholders who might become parties; and for further relief.

The defendants demurred to the bill: 1st. For want of jurisdiction, because the state court which appointed the receiver was the only court having jurisdiction in the premises. 2d. For want of equity. 3d. Because the receiver was a necessary party.

The Circuit Court sustained the demurrer, and dismissed the bill. 36 Fed. Rep. 475. The plaintiffs appealed to this court.

*Mr. J. M. Flower* for appellants.

I.  The amended bill sets forth an equitable right of action. It is well settled that fraudulent or unauthorized acts of directors or officers of a corporation are injuries to the corporation, to remedy which the corporation may bring suit, as if the wrongs were inflicted by third parties. The transactions which brought about the condition of affairs described in the bill were very numerous, and to ascertain and establish the extent of the losses inflicted upon the company thereby, as well as the methods adopted to cover up and conceal the same, involves the examination of very long and complicated accounts. Equity will, unquestionably, take jurisdiction on the ground of fraud, the necessity for an accounting, and because the rights and interests of numerous stockholders, to say nothing of creditors, are at stake, for which there is really no remedy elsewhere.

II. The complainants are entitled to bring this suit. When corporate directors have committed breaches of trust, either by their frauds, *ultra vires* acts or negligence, and the corporation is unable or unwilling to institute a suit to remedy the wrong, a single stockholder may institute that suit, suing on behalf of himself and other stockholders and for the benefit of the corporation, to bring about a redress of the wrong done directly to the corporation, and indirectly to all stockholders. *Atwool* v. *Merryweather*, L. R. 5 Eq. 464 *n*, 468; *Dodge* v. *Woolsey*, 18 How. 331; *Hawes* v. *Oakland*, 104 U. S. 450.

As to when a formal demand upon a corporation, or its board of directors, to bring suit, may be dispensed with by the stockholders before commencing suit, the general doctrine seems to be, that when *fraud* and acts *ultra vires* are complained of, and the directory, or a majority of the stockholders, or the management of the corporation, is under the control of the guilty parties, the court will not require that demand should be made upon them to institute an action, in the name of the corporation, to convict themselves of fraud, before the jurisdiction of an equitable tribunal can be invoked by an innocent and injured stockholder. *Hawes* v. *Oakland*, 104 U. S. 450; *Tazewell Co.* v. *Farmers' Loan & Trust Co.*, 12 Fed. Rep. 752; *Heath* v. *Erie Railway*, 8 Blatchford, 347.

III. The receiver is not a necessary party to this suit. The circumstances surrounding this case are so exceptional in their character that no settled law of adjudication ought to be arbitrarily applied, if it be within the legitimate exercise of the powers of the court to create an exceptional rule which, while protecting the delinquent parties in the enjoyment of all their legal rights and providing for an equitable distribution of the fund, shall afford ample opportunity for a judicial investigation and determination of the fraudulent acts complained of.

*Mr. Cushman K. Davis* for appellees.

*Mr. Frank B. Kellogg* filed a brief for Sabin and O'Gorman, appellees.

*Mr. Frank W. M. Cutcheon* filed a brief for The Minnesota Thresher Manufacturing Co., appellee.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

The right to maintain a suit against the officers of a corporation for fraudulent misappropriation of its property is a right of the corporation; and it is only when the corporation will not bring the suit, that it can be brought by one or more stockholders in behalf of all. *Hawes v. Oakland,* 104 U. S. 450. The suit, when brought by stockholders, is still a suit to enforce a right of the corporation, and to recover a sum of money due to the corporation; and the corporation is a necessary party, in order that it may be bound by the judgment. *Davenport v. Dows,* 18 Wall. 626. If the corporation becomes insolvent, and a receiver of all its estate and effects is appointed by a court of competent jurisdiction, the right to enforce this and all other rights of property of the corporation vests in the receiver, and he is the proper party to bring suit, and, if he does not himself sue, should properly be made a defendant to any suit by stockholders in the right of the corporation. All this is admitted in the plaintiffs' bill, as well as in the brief and argument submitted in their behalf.

The grounds on which they attempt to maintain this suit are that the court which appointed the receiver has denied his petition for authority to bring it, as well as an application of the plaintiffs for leave to make him a party to this bill.

Their position rests on a misunderstanding of the nature of the office and duties of a receiver appointed by a court exercising chancery powers, and of the extent of the jurisdiction and authority of the court itself.

In *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52, and *Ackerman* v. *Halsey*, 10 Stewart, (37 N. J. Eq.) 356, cited for the plaintiffs, in which stockholders of a national bank were permitted to bring such a suit when a receiver had refused to bring it, the receiver was not appointed by a judicial tribunal, but by the comptroller of the currency, an executive officer.

When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate; the possession of the receiver is the possession of the court; and the court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it. *Wiswall* v. *Sampson*, 14 How. 52, 65; *Peale* v. *Phipps*, 14 How. 368, 374; *Booth* v. *Clark*, 17 How. 322, 331; *Union Bank* v. *Kansas City Bank*, 136 U. S. 223; *Thompson* v. *Phenix Ins. Co.*, 136 U. S. 287, 297.

It is for that court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere. It may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may leave him to adjust and settle them without suit, as in its judgment may be most beneficial to those interested in the estate. Any claim against the receiver or the corporation, the court may permit to be put in suit in another tribunal against the receiver, or may reserve to itself the determination of; and no suit, unless expressly authorized by statute, can be brought against the receiver without the permission of the court which appointed him. *Barton* v. *Barbour*, 104 U. S. 126; *Texas & Pacific Railway* v. *Cox*, 145 U. S. 593, 601.

The reasons are yet stronger for not allowing a suit against a receiver appointed by a state court to be maintained, or the administration by that court of the estate in the receiver's hands to be interfered with, by a court of the United States, deriving its authority from another government, though exercising jurisdiction over the same territory. The whole property of the corporation within the jurisdiction of the court which appointed the receiver, including all its rights of action, except so far as already lawfully disposed of under orders of that court, remains in its custody, to be administered and distributed by it. Until the administration of the estate has been completed and the receivership terminated, no court of the one government can by collateral suit assume to deal with rights of property or of action, constituting part of the estate within the exclusive jurisdiction and control of the courts of the other. *Wiswall* v. *Sampson*, *Peale* v. *Phipps* and *Barton* v. *Barbour*, above cited; *Williams* v. *Benedict*, 8 How. 107; *Pulliam* v. *Osborne*, 17 How. 471, 475; *People's Bank* v. *Calhoun*, 102 U. S. 256; *Heidritter* v. *Elizabeth Oil Cloth Co.*, 112 U. S. 294; *In re Tyler*, ante, 164.

The state court, upon further hearing or information, may hereafter reconsider its former orders, so far as no rights have lawfully vested under them, and may permit its receiver to sue or be sued upon any controverted claim. But should it prefer not to do so, the right of action of the corporation against its delinquent officers, like other property and rights of the corporation, will remain within the exclusive jurisdiction of that court, so long as the receivership exists.

It is not material to the decision of this case whether the sale of the entire assets of the corporation by order of the state court did or did not pass this right of action to the purchaser. If it did, neither the corporation, nor the receiver or any other person asserting this right in its behalf, can maintain an action thereon. If it did not, the right of action remains part of the estate of the corporation within the exclusive custody and jurisdiction of the state court.

*Decree affirmed.*