FINANCE CO. OF PENNSYLVANIA v. NEW JERSEY SHORT LINE R. CO. et al.

SAME v. TRENTON & N. B. R. CO. et al.

(Circuit Court, D. New Jersey. January 12, 1911.)

CORPORATIONS (§ 561*)—ASSETS—MISAPPROPRIATION—RIGHT TO SUE.

    Where the proceeds of bonds issued by an insolvent corporation, for which a receiver had been appointed, were misappropriated by the officers and directors thereof to pay interest coupons of other corporations, the stock of which was owned by the insolvent, a proceeding for the recovery of the amount so misappropriated could only be maintained by the insolvent corporation's receiver, and not by its stockholders or other bondholders, in the absence of a showing that the receiver had been requested to proceed to enforce such claim and had refused.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2261–2264; Dec. Dig. § 561.*]

In Equity. Bills by the Finance Company of Pennsylvania against the New Jersey Short Line Railroad Company and others, and against the Trenton & New Brunswick Railroad Company and others, to foreclose certain mortgages. Application for an order of distribution. On objections by the Guaranty Trust Company of New York and others, constituting the bondholders' protective committee of the New York-Philadelphia Company, a corporation, organized to hold the stock of the railroad companies, to a distribution of any of the proceeds of the sale to the payment of certain bonds held by Stern and Silverman, individually, or by the corporation of Stern & Silverman, on the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ground that they, as officers and directors of the holding company, diverted the bonds thereof to the payment of interest coupons of the railroad companies contrary to the terms of the mortgage. Objections dismissed without prejudice to the interposing of similar objections on behalf of the receiver of the holding corporation.

David Wallerstein, for the order.

Alan H. Strong, opposed.

RELLSTAB, District Judge. The order of distribution is opposed by the Guaranty Trust Company of New York, mortgagee, and John Alvin Young, Henry V. Massey, and Frederick Kopf, bondholders' protective committee of the New York-Philadelphia Company (hereinafter called the opposing defendants), so far as concerns bonds held by Stern and Silverman individually, or by the corporation of Stern & Silverman, on the ground that, as officers and directors of the New York-Philadelphia Company (hereinafter called the holding company), they were instrumental in diverting the proceeds of the bonds of said holding company, secured by a mortgage given by it to the said Guaranty Trust Company, to the payment of interest coupons of the New Jersey Short Line Railroad Company and the Trenton & New Brunswick Railroad Company, respectively (hereinafter called the operating companies), contrary to the terms of such mortgage.

The moneys to be distributed are the proceeds of sale of the properties of the operating companies, under foreclosure of mortgages given by them to the Finance Company of Pennsylvania, trustee. Stern and Silverman and Stern & Silverman Company (hereinafter called Stern & Silverman) are the holders of some of the bonds of both of said operating companies, secured by the mortgages so foreclosed. The holding company was the holder of all the capital stock of the operating companies, which, with other stock held by it, it pledged by a mortgage to the said Guaranty Trust Company of New York, as security for the payment of its issue of bonds to the amount of $890,000. These holding and operating companies are corporations of the state of New Jersey, and were in the hands of receivers at the time these foreclosure suits were instituted.

On the petition of the opposing defendants, they, together with J. Kearney Rice, the receiver of said holding company, were made parties defendant in said foreclosure proceedings, with leave to file an answer to complainants' bills, setting up as a defense the various matters stated in their petition. In such petition it is alleged, inter alia, that said holding company had claims against the properties being foreclosed, to which it was entitled to priority of payment over complainants' mortgages. On the hearing of said petition, the receiver of the holding company advised the court that he had no knowledge that the holding company had any claim against the operating companies that entitled it to priority of payment over the complainants' mortgages; that no evidence of such a claim had been brought to his attention; that he had no means to prosecute such a claim; and that if he were required so to do he should be permitted to employ independent counsel and have the means furnished to cover the costs and expenses thereof.

In both of the orders admitting such defendants. it was provided:

"That before J. Kearney Rice, receiver, is required to assume any responsibility for, or to perform any services in connection with, said * * * answer, or the proof or litigation with respect to the same, there shall be deposited with the clerk of this court a reasonable and proper sum to cover the costs and expenses, including counsel fee, of said receiver, in connection with the proper presentation of the matters contained in said * * * answer."

Subsequently, but without making such deposit of indemnity, the petitioners filed an answer in their names and that of J. Kearney Rice, receiver. These answers made no charge that the holding company had claims against the properties of the operating companies entitled to priority in payment over the mortgages under foreclosure. The gravamen of the charges of such answers, so far as concerns the present inquiry, is that certain unnamed persons, as officers and directors, controlled and dominated the management of all said companies, and that as such they illegally, and in fraud of the holding company's bondholders, applied some of the proceeds of its bonds to the purchase or payment of interest coupons due on the bonds of the operating companies, some of which latter bonds were held by such persons, or by others for their use, and that, by reason of the payments to such mismanaging officers and directors, the opposing defendants are entitled to a first lien on the bonds held by or for such persons, and secured by the mortgages now being foreclosed, for the amount of such proceeds thus applied in the purchase or payment of their coupons, or be subrogated to their rights in such bonds to the extent of the moneys so received by them.

Upon the coming in of said answers, J. Kearney Rice, the receiver of the holding company, filed a disclaimer of the right and authority to file such answers for him, and of his responsibility therefor. No answers were filed by said receiver, and he has interposed no objection to the order of distribution sought in these proceedings.

After testimony taken on a reference made on such answers, and hearing had on the settlement of the terms of the final decree, all the issues raised by such answers were determined against the contentions of the opposing defendants, except the question whether or not they were entitled to subrogation in respect to the bonds or coupons owned by A. S. and A. N. Chandler, W. A. Stern, and I. H. Silverman, at the time of the appointment of the receivers for the defendant operating companies, or at any time subsequent thereto, and which question was reserved by the court until distribution. The question thus reserved furnishes the issue now before the court.

On the argument hereof no relief was claimed against the Messrs. Chandler, but only against Stern and Silverman; these being two of the referred to unnamed dominating officers and directors of the holding company, responsible for the alleged illegal diversion of its bondholders' moneys.

It will be noted that the equity asserted is not against all the bondholders secured by the mortgages foreclosed, and that, though in the petition such claim was made the main ground for intervention, it was abandoned in the answer. The equity now claimed is against

Stern & Silverman, and is to the effect that, as officers and directors of the holding company, they occupied the position of trustee for the benefit of the bondholders of such company; that they used such trust relation for their own benefit, in that, out of the moneys obtained from the bonds issued by the holding company, they paid to themselves as holders of the operating companies' bonds, the accruing interest thereon; that as to such interest coupons they must, as against the opposing defendants, be held not to have been paid, but purchased on behalf of such defendants; and inasmuch as, by the terms of the operating companies' mortgages securing such bonds, unpaid interest coupons are preferred in lien and entitled to be first paid, the opposing defendants are entitled to have the moneys so wrongfully applied to the payment of such interest coupons paid back to them out of the dividends to be declared on Stern & Silverman's bonds before any payment is made on the principal thereof.

Assuming, but not deciding, that an equity exists against Stern & Silverman's bondholdings, it is evident that the opposing defendants are not in a position to sue for it. The right to question Stern & Silverman's conduct in such financial transactions is in the holding company, not its bondholders. The bondholders are creditors of the holding company, not of its directors; the bonds of the mortgage security declared that recourse for the payment of such bonds shall not be had against any director of such company, and article 1, section 6, of the mortgage provides that the proceeds of such bonds "shall be used for betterments, improvements, and extensions of the properties, the stocks of which are covered by this deed of trust, and for other purposes of company."

If, as the opposing defendants insist, the word "company," used in the quoted paragraph, means the holding company, and not the operating companies, and the moneys used in payment of such interest were a misappropriation, those moneys are recoverable for the uses of the holding company. This company having been declared insolvent, and a receiver appointed for it, the cause of action is in the receiver. General Corporation Act N. J. (P. L. 1896, p. 298) § 68; Squire v. Princeton Lighting Co. (E. & A.) 72 N. J. Eq. 883, 68 Atl. 176, 15 L. R. A. (N. S.) 657. Only upon the receiver's refusal to prosecute such equity, on a proper demand of the stockholders or bondholders, would they be permitted to litigate such claim. Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815; Ackerman v. Halsey, 37 N. J. Eq. 356, affirmed 38 N. J. Eq. 501.

This demand on the receiver has not been made. In fact, the opposing defendants disregarded the terms imposed by the court to the use of the receiver's name in this litigation, and they are not here relying upon the failure of the receiver to press such equity, but on the distinct claim of right in themselves to the benefit thereof, and to prosecute it, without regard to such receiver.

Perhaps the moneys recovered by the receiver would eventually pass to such bondholders; but they are nevertheless assets of such company, to be administered by the receiver. This is dispositive of the present opposition to the proposed order of distribution. But in

view of the equity here asserted against persons who occupied dual relations in respect to these holding and operating companies, and the charges of fraud upon which such equity is based, the fund being in court, an opportunity will be given for a proper application to prosecute such equity.

To this end distribution of so much of the fund as is payable on the bonds held by Stern & Silverman at the time of the filing of the foreclosure bills herein will be deferred for 10 days, to enable the opposing defendants to make the proper overtures to the receiver of the holding company to prosecute such equity. As to the remainder of the fund, distribution may be made at once in accordance with the final decree.