WALTER H. NEAL and Another, Plaintiffs, *v.* THOMAS H. HAYES and Others, Defendants.[*]

Supreme Court, Special Term, Kings County, February 18, 1926.

Receivers — right of foreign receivers to sue — action by receivers appointed by District Court in North Carolina — prior order of District Court for Eastern District of New York appointed Federal receivers and authorized them to commence action on cause set up in complaint herein — prior jurisdiction by Federal court of New York bars action — complaint dismissed.

This complaint by receivers, appointed by the United States District Court of the Eastern District of North Carolina, in a stockholder's action to conserve the assets of the corporation, must be dismissed, where, prior to the appointment of the aforesaid receivers, the Federal District Court for the Eastern District of New York, upon taking possession of the assets of the corporation, appointed receivers and directed them to commence an action based upon the same cause of action that is recited in the complaint herein, since that court having first acquired jurisdiction through the possession of the corporate property is vested, while it holds possession, with power to hear and determine all controversies relating thereto.

Where a court of competent jurisdiction takes property in its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts.

---

* Affd., 218 App. Div. 500.

MOTION by defendants for an order dismissing the complaint on ground of insufficiency and that plaintiffs have no legal capacity to sue.

*Charles L. Woody* [*Larry I. Moore* and *Wilson B. Brice* on the brief], for the plaintiffs.

*Edwin D. Hays* [*Harold P. Seligson* on the brief], for the defendants.

DIKE, J.   The plaintiffs in this action are receivers appointed by the United States District Court for the Eastern District of North Carolina, in a stockholders' action, brought, among other things, to conserve the assets of the corporation.   The defendants are directors of the Fisheries Products Company, and it is sought to make these defendants account for various acts which plaintiffs claim to have been performed in violation of their duties as officers and in violation also of the statutes of North Carolina.   It is claimed that the corporation has been damaged by reason of the above in a sum in excess of $6,000,000.   A motion is made by defendants for an order dismissing the complaint on the ground that it appears that the complaint does not state facts sufficient to constitute a cause of action, and especially that the plaintiffs have no legal capacity to sue, in that plaintiffs have no title to the alleged cause of action attempted to be set forth in the complaint and no authority or power to sue in the State of New York; that the right to sue upon such alleged cause of action, if any exists, is in the Fisheries Products Company or the receivers appointed by the United States District Court for the Eastern District of New York or for other relief.   At the same time notice was served on behalf of the plaintiffs that, on the hearing of the defendants' motion to dismiss the complaint, the court will be asked to consider, as one of plaintiffs' answering papers attached  a certain copy of a report and order and also a notice that an order would be sought permitting the petitioners to come in as parties plaintiff in this action and serve upon the defendants' attorneys a complaint, with the purpose of protecting their rights.

This is not the first time that the plaintiffs have become active in this State.   It appears that, prior to the appointment of the plaintiffs as receivers, a creditors' action was brought in the United States District Court for the Eastern District of New York by Abm. See & Depew Co., Inc., a New York corporation, on behalf of itself and other creditors for the protection and preservation of rights of the creditors of the corporation, and it appears that this action is pending and undetermined.   In this action the United States District Court for the Eastern District of New York appointed Henry Sillcocks and William R. Bays receivers of the Fisheries Products Company.   It was then sought by these plaintiffs to have

the action commenced by such receivers dismissed and the receivers discharged, and to have themselves appointed ancillary receivers. These motions were denied. It appears that the stockholders' action was instituted in the Federal court of North Carolina after the appointment of the receivers in the Eastern District Court of New York. The North Carolina receivers sought to dismiss the complaint of the Eastern District receivers and to vacate their appointment, charging, among other things, that the Eastern District Court of New York was without jurisdiction, and that the suit here was fraudulently brought and collusive. Judge INCH denied this motion, and was sustained upon appeal to the United States Circuit Court of Appeals for the Second Circuit. (*See & Depew* v. *Fisheries Products Co.*, 9 F. [2d] 235.) Judge MANTON of the Circuit Court of Appeals, in denying plaintiffs' application for appointment as ancillary receivers, has made controlling law, it seems to me, that should very largely control my action in the matters submitted to me. He held that the judge for the Eastern District of New York had authority to appoint receivers of property of a foreign corporation on a creditor's bill, and, having done so, such receivers had priority of claim to assets within that district. (See opinion of Judge MANTON, 9 F. [2d] 235.)

Grave charges were made in the suit and brought to the attention of the court, and, after full consideration, including the questions of jurisdiction, the plaintiffs herein were defeated. It seems to me that in effect the plaintiffs are seeking a second day in court on issues already decided. There are two cases that have been submitted to me that are controlling, it seems to me, upon the questions submitted. One of them is *Porter* v. *Sabin* (149 U. S. 473; 13 S. Ct. 1008). The headnote says: "After a State court has appointed a receiver of all the property of a corporation, and while the receivership exists, stockholders of the corporation cannot bring a suit against the officers in a court of the United States for fraudulent misappropriation of its property, without making the receiver, as well as the corporation, a party to the suit; although the State court has denied a petition of the receiver for authority to bring the suit, as well as an application of the stockholders for leave to make him a party to it."

Mr. Justice GRAY, delivering the opinion of the court, said (on p. 480; 13 S. Ct. 1010): " The reasons are yet stronger for not allowing a suit against a receiver appointed by a State court to be maintained, or the administration by that court of the estate in the receiver's hands to be interfered with, by a court of the United States, deriving its authority from another government, though exercising jurisdiction over the same territory."

The other case that seems to me very pertinent is that of *Lion Bonding & Surety Co.* v. *Karatz* (262 U. S. 77; 43 S. Ct. 480). Upon page 88, 43 S. Ct. 484, the court held: " Where a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts."

And on page 89, 43 S. Ct. 484: " Possession of the *res* disables other courts of co-ordinate jurisdiction from exercising any power over it. *Farmers' Loan & Trust Co.* v. *Lake Street Elevated R. R. Co.*, 177 U. S. 51, 61."

Continuing, the court said: " The court which first acquired jurisdiction through possession of the property is vested, while it holds possession, with the power to hear and determine all controversies relating thereto. It has the right, while continuing to exercise its prior jurisdiction, to determine for itself how far it will permit any other court to interfere with such possession and jurisdiction."

The rule invoked seems to apply to the acts of receivers appointed in the United States District Court of this district and the North Carolina receivers, and also whether they are regarded as mere chancery receivers or full statutory receivers. The double receivers would double the confusion.

After careful consideration, I have concluded to grant the motion to dismiss the complaint herein, and by that decision I naturally dispose of the other motions by not granting them.