934

**COYLE et al. v. SKIRVIN et al.**

No. 2342.

Circuit Court of Appeals, Tenth Circuit.

Jan. 8, 1942.

Rehearing Denied Feb. 12, 1942.

Harve L. Melton, of Oklahoma City, Okl., and James E. Anderson, of Amarillo, Tex. (Anderson & Ford, of Amarillo, Tex., on the brief), for appellants.

Fred P. Branson, of Muskogee, Okl., and Roy C. Lytle, of Oklahoma City, Okl. (John H. Shirk, D. I. Johnston, Keaton,

Wells & Johnston, and Shirk, Earnheart, Grigsby & Shirk, all of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

The American Oil and Refining Company[1] was incorporated on February 5, 1916, under the laws of Oklahoma. The American Oil and Refining Company[2] was incorporated under the laws of Nevada, on May 11, 1934. At a stockholders meeting of the Oklahoma Corporation held on June 19, 1934, a resolution was adopted by a majority of its stockholders authorizing the transfer of all its assets to the Nevada Corporation in exchange for stock of the latter corporation, share for share. A small minority of the stockholders of the Oklahoma Corporation did not consent to the organization of the Nevada Corporation and the transfer of the assets of the former to the latter. A number of the stockholders of the Oklahoma Corporation exchanged their stock in the latter for stock in the Nevada Corporation, share for share. From May, 1934, to April 25, 1938, the Nevada Corporation had possession of all the tangible assets of the Oklahoma Corporation and operated the oil-producing properties.

On March 19, 1938, Globe Pipe Line Company, a creditor of the Nevada Corporation, instituted an action against it in the United States District Court for the Western District of Oklahoma, numbered 2050, and A. C. Fletcher was appointed as receiver for the Nevada Corporation in that proceeding. He duly qualified and took possession of the books, records, and all the tangible assets of the Nevada Corporation.

On April 11, 1938, B. W. Coyle, C. G. Long, Mary St. Clair, Sewell and Sewell, a copartnership, Albert Zepp, Charles W. Lenou, R. E. Hobbs, Perry C. Burks, Crawford M. James, W. S. James, T. M. James, Helen James Dunlap, and Vassie James Hill, hereinafter called plaintiffs, commenced an action in the District Court of Oklahoma County, Oklahoma, against W. B. Skirvin, individually and as president, O. W. Skirvin, individually and as vice-president, M. A. Luty, individually and as secretary-treasurer, Ellsworth Jordan and F. C. Wallower, individually and as members of the board of directors, respectively, of the Oklahoma Corporation, Mrs. Pearl R. Mesta, Mrs. George Tyson, Texahoma Realty Company, Skirvin Operating Company, Skirvin Hotel Incorporated, and Broadway Development Company, corporations. The action was a stockholders suit, a derivative action. The gravamen of the complaint is injury to the corporation.[3]

In the petition the plaintiffs alleged that from the organization of the Oklahoma Corporation in 1916 to and including 1934, the defendants, as officers and directors of the Oklahoma Corporation, had engaged in various fraudulent transactions and schemes whereby the Oklahoma Corporation was divested of its properties for the benefit of such defendants; that such defendants had at various times entered into contracts for the acquisition of property, ostensibly for the benefit of the Oklahoma Corporation, when in fact such properties were transferred to and used by the defendants for their own benefit; and that such acts resulted in damage to the Oklahoma Corporation to the extent of several hundred thousand dollars. It also challenged the validity of the transfer of the assets of the Oklahoma Corporation to the Nevada Corporation. It prayed for the appointment of a receiver of all the property of the Oklahoma Corporation, an accounting, and the winding up of the affairs of such Corporation.

The charter of the Oklahoma Corporation expired on February 5, 1936, whereupon its directors became statutory trustees of the creditors and stockholders under § 9788, O.S.1931, 18 Okl.St.Ann. § 163, with powers to settle the affairs of the Oklahoma Corporation, collect obligations to and pay obligations of the Oklahoma Corporation, and distribute the property remaining to its stockholders.

On April 14, 1938, the District Court of Oklahoma County appointed E. F. Lester, as a receiver, to exercise "the powers heretofore vested by law in said trustees, so that the duties which devolved by law upon them as such, may be fully per-

---

[1] Hereinafter called the Oklahoma Corporation.

[2] Hereinafter called the Nevada Corporation.

[3] In their brief, plaintiffs say "The original plaintiffs brought this suit as a * * * derivative action."

See Fletcher Cyc.Corp., Perm.Ed., Vol. 13, § 5911.

formed." On April 15, 1938, Lester duly qualified as such receiver. He did not take possession of any assets of the Oklahoma Corporation. He died on July 25, 1940.

On April 29, 1938, the former officers and directors of the Oklahoma Corporation, realizing the transfer to the Nevada Corporation was invalid because not consented to by all the stockholders of the Oklahoma Corporation, duly filed amended Articles of Incorporation with the Secretary of State of Oklahoma extending the life of such corporation for a period of twenty years from February 5, 1936.[4]

On May 11, 1938, a petition for removal, bond on removal, and written notice thereof were filed in the state court.

On May 24, 1938, a transcript of the record on removal was filed in the United States District Court for the Western District of Oklahoma. Notwithstanding the removal proceedings, the defendants prosecuted an appeal from the order of the state court appointing the receiver, to the Supreme Court of Oklahoma. The Supreme Court of Oklahoma reversed and vacated the order appointing the receiver, and held that the Nevada Corporation was a necessary party defendant. It was suggested to the Supreme Court of Oklahoma for the first time in a second petition for rehearing that the cause had been removed to the Federal Court. The petition was denied. See Skirvin v. Coyle, 185 Okl. 487, 94 P.2d 234.

After the Oklahoma Corporation had been revived, the plaintiffs in cause No. 2050 filed an amended petition setting forth that fact, and prayed that the receivership then existing as to the Nevada Corporation be extended to and include the properties of the Oklahoma Corporation. An order was made extending the receivership to include the revived Oklahoma Corporation.

On May 3, 1940, the plaintiffs filed a second amended and supplemental complaint in the Federal Court in which they set up divers alleged wrongful acts on the part of the officers, directors, and trustees of the Oklahoma Corporation, charged wrongful diversion of property, assets, and profits of the Oklahoma Corporation to the use and benefit of the defendants as individuals "to the great detriment and damage of" the Oklahoma Corporation, and challenged the validity of the transfers to the Nevada Corporation. They prayed that the affairs of the Oklahoma Corporation be liquidated, settled, and wound up under the direction and control of the court through a re-

---

4 The amendment to the Articles of Incorporation recited:

"These amended Articles of Incorporation are filed under Section 9713, Oklahoma Statutes of 1931 [18 Okl.St.Ann. § 1], and Section 9732, Oklahoma Statutes of 1931, as amended by Art. 2, Chap. 46, Session Acts 1935 [18 Okl.St.Ann. § 17], * * * to extend the life of said Corporation."

The applicable Oklahoma Statutes follow:

Section 9778, O.S.1931, 18 Okl.St.Ann. § 151, in part provides:

"A corporation is dissolved:

"1. By the expiration of the time limited by its articles of incorporation. * * *"

Section 9790, O.S.1931, 18 Okl.St.Ann. § 165, provides:

"A corporation once dissolved can be revived only by the same power by which it could be created."

Section 9714, O.S.1931, 18 Okl.St.Ann. § 18, in part provides:

"Any corporation chartered under the laws of this State * * * may extend the time of its existence not exceeding twenty years at any one time, by filing 'Amended Articles of Incorporation' under and as provided by Section 1225 of the Revised Laws of 1910, [9732, 18 Okl. St.Ann. § 17]. * * *"

Section 9732, O.S.1931, 18 Okl.St.Ann. § 17, in part provides:

"It shall be lawful for any corporation organized under the laws of the State of Oklahoma, * * * to amend its Articles of Incorporation. * * * In order to amend its Articles of Incorporation, it shall be necessary for new Articles to be filed, signed by all the directors and officers of the company which shall be entitled, 'Amended Articles of Incorporation', which Amended Articles of Incorporation, as to substance, shall fully comply with the provisions of this Chapter, and shall contain the amendments desired, set forth clearly and specifically. When said Articles are so amended as aforesaid, they shall be filed with the Secretary of State * * * and the Secretary of State shall cause an Amended Charter to issue, signed by the Secretary of State, and attested by the Seal of the State, from which date the amendments shall relate back and be considered and be a part of the original Articles of Incorporation to the same effect as if originally set forth therein; * * *."

ceiver theretofore appointed by the court, and for the distribution of the assets of the Oklahoma Corporation to its stockholders after payment of debts; that the defendants W. B. Skirvin, M. A. Luty, O. W. Skirvin, Ellsworth Jordan, and F. C. Wallower be ordered and directed to deliver into the possession of the receiver all the assets of the Oklahoma Corporation and all records, papers, and documents belonging to or pertaining to the affairs of the Oklahoma Corporation in their possession or under their control; that all choses in action or rights of action in favor of the Oklahoma Corporation be vested in the receiver with full power to possess, collect, recover, and receive all assets belonging to the Oklahoma Corporation, and to bring and prosecute all suits and actions against persons indebted or liable to the Oklahoma Corporation; that the defendants be required to disclose to the receiver the nature and kind of all properties acquired by them, in whole or in part, by the use of funds of the Oklahoma Corporation, and deliver to the receiver all evidences of title pertaining thereto; that W. B. Skirvin, M. A. Luty, O. W. Skirvin, Ellsworth Jordan, and F. C. Wallower be required to make a strict and complete accounting of all moneys and property coming into their possession or under their control belonging to the Oklahoma Corporation. They also sought a rescission of the transfers of stock in the Oklahoma Corporation for stock in the Nevada Corporation, and for judgment against the defendants for all properties of every nature, kind, and character, tangible or intangible, belonging to the Oklahoma Corporation wrongfully misappropriated or used by the defendants and for all secret profits made by the defendants. Here again, the gravamen of the complaint was injury to the corporation and not alleged wrongs directly to the plaintiffs as stockholders.

The defendants interposed a motion to dismiss the second amended complaint setting up as grounds: (1) that plaintiffs failed to comply with Subdivision (b) of Rule 23 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, (2) that the receiver having been appointed in No. 2050 it was unnecessary to appoint a receiver in the instant case, and (3) that the receiver in No. 2050 was an indispensable party.

The trial court refused to appoint a receiver to succeed Lester and held the receiver in No. 2050 was an indispensable party and dismissed the second amended complaint. Plaintiffs have appealed.

The jurisdiction of the Federal Court over the instant action attached on the filing of the petition and bond on removal and no further proceedings should have been taken in the state court.[5] The proceedings on appeal were coram non judice.[6] This, counsel for plaintiffs affirmatively assert.

The amendment to the Articles of Incorporation of the Oklahoma Corporation was filed pursuant to the applicable statutes set out in Note 4. While counsel for the plaintiffs challenge the validity of the amendment, the Supreme Court of Oklahoma in Loeffler v. Federal Supply Co., 187 Okl. 373, 102 P.2d 862, held that the officers and directors of a corporation, after its original charter had expired, could revive the corporation and extend its life for a period of twenty years by filing an amendment with the consent of a majority of the stockholders pursuant to § 9714, O.S.1931, 18 Okl.St.Ann. § 18. Here, the officers and directors owned a majority of the capital stock of the Oklahoma Corporation and it is reasonable to imply their consent as stockholders to the amendment.

Upon removal of a cause to a Federal Court, a state court's order appointing a receiver and the powers conferred thereby, remain in full force and effect until the order is dissolved or modified by the Federal Court.[7]

It follows, we think, that Lester was vested with the powers of a statutory trustee from April 14, 1938, to April 28, 1938, and possibly until his death on July 25, 1940. Shortly after April 29, 1938, the receivership in No. 2050 was extended

[5] Pacific S. S. Co. v. Sutton, 9 Cir., 7 F.2d 579, 581; Janoske v. Porter, 7 Cir., 64 F.2d 958, 960.

[6] Madisonville Traction Company v. Saint Bernard Mining Co., 196 U.S. 239, 244, 25 S.Ct. 251, 49 L.Ed. 462; Kern v. Huidekoper, 103 U.S. 485, 491, 26 L. Ed. 354; New Orleans, M. & T. Railroad Company v. Mississippi, 102 U.S. 135, 141, 26 L.Ed. 96; National Steamship Company v. Tugman, 106 U.S. 118, 122, 1 S.Ct. 58, 27 L.Ed. 87.

[7] Colorado Wool Marketing Ass'n v. Monaghan, 10 Cir., 66 F.2d 313, 315; Duncan v. Gegan, 101 U.S. 810, 812, 25 L.Ed. 875.

to the Oklahoma Corporation and its assets. Hence, the Oklahoma Corporation and its assets were in the hands of a receiver from and after about May 1, 1938.

It is not alleged in the second amended complaint that a demand had been made upon either the state court receiver or the Federal Court receiver to prosecute the action nor that either had refused to prosecute such action. It is not alleged that leave was sought or obtained from the Federal Court for the plaintiffs to prosecute the action in either receiver's name or in their own name for the benefit of the Oklahoma Corporation.

It is well settled that where a receiver has been appointed for a corporation he is an indispensable party to a stockholder's derivative action.[8] Such an action should be brought by the receiver;[9] and cannot be maintained against the receiver without the consent of the court which appointed him.[10]

It follows that the plaintiffs could not maintain the action as a derivative stockholders' suit.

The judgment is affirmed.

[8] Porter v. Sabin, 149 U.S. 473, 478, 13 S.Ct. 1008, 37 L.Ed. 815.

[9] Porter v. Sabin, 149 U.S. 473, 479, 13 S.Ct. 1008, 37 L.Ed. 815; Klein v. Peter, 8 Cir., 284 F. 797, 798, 799, 29 A.L.R. 1497; Reagan v. Midland Packing Co., 8 Cir., 8 F.2d 954, 956.

[10] Porter v. Sabin, 149 U.S. 473, 479, 13 S.Ct. 1008, 37 L.Ed. 815; Long v. Stites, 6 Cir., 88 F.2d 554, 556; Fletcher Cyc.Corp., Perm.Ed., Vol. 13, § 5999.