**In the Matter of ALBERT-HARRIS, INC., Bankrupt.**

**No. 85609.**

United States District Court
N. D. Ohio, E. D.

Sept. 14, 1961.

Robert C. Brouse, Brouse, McDowell, May, Bierce & Wortman, Akron, Ohio, for bankrupt.

Paul A. Weick, Weick, Genovese & Schreiner, Akron, Ohio, for Edward J. Harris and Goodride Tire Co.

Clair Whitmer, Akron, Ohio, for trustees.

Saul Nadler, Cleveland, Ohio, for petitioners on review.

KALBFLEISCH, District Judge.

This is a petition to review the order of Referee H. F. White approving the application of the Trustees of the bankrupt estate to compromise certain disputes between said Trustees and two secured creditors, the Goodride Tire Company and Edward J. Harris, and their assignees.

The petitioners are ten unsecured creditors of the bankrupt which have filed claims aggregating $1,133,595. (Pet. for Review, p. 1.) The largest single creditor is Sydney L. Albert (claiming over half a million dollars) and seven of the other petitioners are companies controlled by Albert. (Tr. 3.) (Referee's Findings of Fact, par. 4.) Unsecured debts owed by bankrupt total $1,468,579; secured and priority debts total $420,389. (Application to Compromise, par. 7.)

Albert and Edward J. Harris each owns 50% of the stock of the bankrupt corporation. (Referee's Findings of Fact, par. 4.)

Attached to the Application to Compromise is a copy of the executed Compromise Agreement which was approved by the Referee following a hearing at which all parties were represented. A transcript of that hearing is included in the file.

Albert-Harris was adjudicated bankrupt in October 1959, following the institution of involuntary proceedings.

The principal disputes and claims which the Compromise purports to settle are set forth in the findings of fact in the Referee's Certificate and in the Application to Compromise, which the Referee found to be proper in his order authorizing the Compromise. These disputes, between the bankrupt estate on the one hand and the Goodride Tire Company and Edward J. Harris, and their representatives and assignees, on the other, as they are described in the Referee's Certificate and the Application to Compromise, may be summarized as follows:

*1.* A judgment of the Goodride Tire Company (a corporation owned or controlled by Edward J. Harris) in the amount of $175,627, which was obtained against the bankrupt corporation in 1957 in the Summit County Court of Common Pleas. Albert-Harris, before and after its bankuptcy, carried this case through the Court of Appeals, Goodride Tire Co. v. Albert-Harris, Inc., 114 Ohio App. 276, 181 N.E.2d 719, to the Supreme Court of Ohio in an unsuccessful attempt to obtain a reversal of the judgment. (Findings of Fact, par. 4.) This judgment is a lien on the proceeds from the sale of real property of Albert-Harris. (Findings of Fact, par. 4; Application, par. 3.)

*2.* Judgment of Edward J. Harris in the amount of $87,409, obtained against Albert-Harris in 1957 in the Summit County Court of Common Pleas. A motion to vacate this judgment is now pending in the Court of Common Pleas. (Findings of Fact, par. 6.)

*3.* Pending motions before the Referee, filed by the Trustees in bankruptcy, attacking the validity of the aforementioned judgments under Section 70, sub. e of the Bankruptcy Act and certain State statutes. (Findings of Fact, par. 5.)

*4.* A shareholder's derivative suit, commenced in 1957 by Sydney L. Albert in the Common Pleas Court of Summit County, against Edward J. Harris and others, which seeks to require Harris and the others to assign to Albert-Harris all patents, patent applications and inventions obtained, filed or conceived by them while they were employed by Albert-Harris. The case was heard, decided adversely to Albert, and is now before the Court of Appeals. (Application, par. 4; Findings of Fact, par. 7.) The subject patents and patent applications are listed in Appendix A of the Compromise.

The Referee found that the Trustees in bankruptcy have $235,900 on deposit, of which a fund of $185,000 was derived from the sale of real estate to which Goodride's lien is attached. In addition, the Treasurer of Summit County has a tax lien against bankrupt in the amount of $14,625. (Findings of Fact, pars. 3, 9.) If the lien claims of Goodride and Harris be valid, "there would be insufficient funds to pay the cost of further litigation." (Findings of Fact, par. 8.)

The Referee further found that the three Trustees in bankruptcy unanimously recommended that the Compromise be approved (Findings of Fact, par. 3) and, in his Order Authorizing and Directing Trustees to Compromise Disputes, held that:

" * * * the Court is of the opinion that said application is in all respects proper; that the disputes as set forth therein are as in fact stated and that it is in the interest of this estate, its creditors and other persons in interest that said application be granted and the compromise agreement be permitted and authorized by the court."

The basic terms of the Compromise are that:

*1.* Harris warrants that he has sole exclusive rights in the United States to sell or license under the patents and patent applications listed in Appendix A of the Compromise, which are now held by the Cleveland Trust Company as Trustees, said trust to be irrevocable until the expiration of the last patent issued on the inventions or improvements thereon; Harris will agree to transfer to the said Trustee any United States rights he may hereafter require on improvements with respect to the inventions covered thereby. (Compromise, pp. 3, 4.)

*2.* Harris, his heirs or assigns will have the sole and exclusive rights to direct the sale and licensing of rights under the patents. (Compromise, p. 4.)

*3.* All net proceeds from the patent trust will be paid in the following manner: 15% to the Trustee in bankruptcy, 85% to Harris. (Compromise, p. 4.)

*4.* Harris, his heirs and assigns will surrender all stock in Albert-Harris to the Trustees. (Compromise, p. 5.)

*5.* The Trustees will pay Harris, the Goodride Tire Company and certain of their representatives and assigns, sums totalling $137,500. (Compromise, pp. 5, 6.)

*6.* Upon receipt of payment, Harris, Goodride, their representatives and assignees will release all claims whatsoever against Albert-Harris, and Albert-Harris will release all claims against Harris and Goodride. (Compromise, p. 6.)

7. The Trustees agree to intervene in the appeal in the shareholder's derivative action filed by Albert to secure a dismissal of said appeal "to the end that the Order entered by the Common Pleas Court of Summit County, Ohio, in Case No. 206,-165 be final; * * *." (Compromise, pp. 5, 6.)

The petitioners allege that the Referee erred in approving the Compromise in that (1) the reasons set forth in the Application to Compromise (which Application the Referee, in his Order authorizing the Compromise, found to be "in all respects proper") are in fact insufficient to justify the Compromise; (2) the patents to go into the Trust do not include all of those which may be the subject of the pending shareholder's derivative action, and the income to the Trustees is limited to proceeds received from use of the inventions in the United States; (3) the control of the patents is given to Harris subject only to the condition that the patents be managed in such a way as to yield "a fair and equitable return" (Compromise, p. 4), which language "creates a source of potential continuous litigation," and (4) the patent litigation may be continued, without expense to the estate, by petitioners who will also conduct the lien litigation with the understanding that attorneys' fees will not be incurred by the estate unless such litigation is successful. The petitioners' principal objection to the Compromise seems to be that Albert has "great confidence in the outcome of the patent litigation" and feels that the settlement of that litigation under the terms of the Compromise is unfair to them. They also assert that their views should be respected, even though contrary to those of the Trustees, since petitioners would be the only parties to suffer any loss if the Compromise be not approved and if the Trustees be unsuccessful in the litigation involved in the Compromise.

This dispute is essentially between Harris and Albert, directly and through their various firms and assignees. Harris owns or controls certain patent rights (which Albert claims belong to the bankrupt estate) and has secured and priority claims against the assets held by the Trustees. Albert's claims against the bankrupt are substantial but are unsecured.

Section 27 of the Bankruptcy Act, 11 U.S.C.A. § 50, provides that:

"*Compromises.* The receiver or trustee may, with the approval of the court, compromise any controversy arising in the administration of the estate upon such terms as he may deem for the best interest of the estate."

General Order 33 provides that:

"*Arbitration and Compromise.* Whenever a receiver, trustee or debtor in possession shall make application to the court for authority to submit to arbitration any controversy arising in the settlement of an estate, or for authority to compromise any such controversy, the application shall clearly and distinctly set forth the subject matter of the controversy, and the reasons why it is proper and for the best interest of the estate that the controversy should be settled by arbitration or compromise."

General Order 47 requires the judge to accept the referee's findings of fact "unless clearly erroneous."

Trustees are obliged to close up estates "as expeditiously as is compatible with the best interests of the parties in interest." (Bankruptcy Act Section 47, sub. a(1), 11 U.S.C.A. § 75, sub. a(1).) It has been said that the duties of Trustees are "to collect, preserve, and liquidate the assets of an estate" and that ordinarily they have no duty to make expenditures to enhance the assets of an estate. In re Wiener, 7 F.Supp. 691, 692 (E.D. Pa.1932), affd. Brown v. Schwehm, 3 Cir., 72 F.2d 1010.

This compromise settles Harris's judgments against bankrupt, totalling some $263,000, for $137,500 in cash. Albert's claims, by the terms of the Compromise, are to be settled by the assignment of

15% of the net income from Harris's patents and inventions to the bankrupt estate, with Harris's patents being held in an irrevocable trust but subject to Harris's direction as to sales and licensing.

While the record does not disclose the legal questions involved in the patent litigation, it does appear that the matter is now pending before the Court of Appeals, having been remanded to that Court by the Ohio Supreme Court. (Tr. 22, 26.)

 Upon appointment of the Trustees, this Court assumed administration of the bankrupt estate and all rights of Albert-Harris (including those being asserted in its behalf in the stockholder's suit) vested in the Trustees. Porter v. Sabin, 149 U.S. 473, 478, 13 S.Ct. 1008, 37 L.Ed. 815. Presumably, the Referee has considered all factors relating to the compromise, such as the probability of success of the patent and lien litigation as well as its complexity and the expense, inconvenience and delay attending it. Drexel v. Loomis, 35 F.2d 800 (C.C.A. 8, 1929). It is apparent that the questions of liability in the patent litigation are unsettled and there is uncertainty as to its ultimate cost even if financed on a contingent fee basis. These are factors which the Trustees and the Referee have a right to take into account in determining the advisability of a compromise. Petition of Stuart, 272 F. 938, 941 (C.C. A.6, 1921); 2 Collier on Bankruptcy, 14th Ed., pars. 27.03, 27.04.

 It cannot be said that the settlement of the patent litigation on a 15%–85% income basis is unfair or inequitable to the petitioners. Leaving Harris in control of the patents is reasonable since he has not been shown to be unfit to carry on that responsibility and he must exploit them if he is to receive any income therefrom. The disposition of the priority claims of Goodride and Harris, summarized above, is a fair settlement.

This Court is of the opinion that the petitioners have failed to show that the Compromise is not in the best interests of the estate or that the Referee's findings of fact are clearly erroneous and, therefore, the Referee's Order Authorizing and Directing Trustees to Compromise Disputes, entered on March 21, 1961, will be affirmed.

## CERTIFICATE OF PETITION OF REVIEW AND RECORD TO JUDGES

To the Honorable Judges James C. Connell, Paul Jones, Charles J. McNamee, and Girard E. Kalbfleisch, United States District Judges, sitting in Bankruptcy

I, H. F. White, one of the Referees in the Bankruptcy Court do hereby certify:

That in the course of said proceedings an Order was made by this Referee permitting, authorizing, and directing the Trustees to compromise the dispute and litigation between Albert-Harris, Inc., Goodride Tire Company, and Edward J. Harris in accordance with the application to compromise as filed on the 9th day of March 1961. The Order authorizing the Trustees to compromise this dispute was entered on the 21st day of March 1961 and is annexed to this proceeding.

That Sydney L. Albert, the petitioner herein, on behalf of himself and Machinery Terminals, Inc.; Browning Crane & Shovel Co.; Lake City Malleable, Inc.; Seiberling Latex Products, Inc.; SLP, Inc., formerly Seiberling Latex Products, Inc.; L. Albert & Son; Akron Gear & Engineering Co.; Albert & Son Machinery, Inc.; Lake City Malleable Co., all corporations, feeling aggrieved thereby to the Order authorizing the said Trustees to compromise, filed their petition in review of the Order on the 29th day of March 1961.

## QUESTION

The petitioners claim that the Referee erred in that:

1. That termination of litigation is not a basis for compromising a dispute.

2. That the Referee's finding: "that it is in the best interest of the estate, its creditors, and other persons in interest that said application be granted is clearly erroneous."

3. That the Referee's Order erred in that said Order is not conditioned upon the failure of Sydney L. Albert to continue the patent litigation at his own cost and expense, including fees for his attorney.

4. That the petitioners objecting to the compromise would be the only parties suffering any loss if the compromise was not approved and if the Trustees were wholly subsequently unsuccessful in litigating the dispute that the compromise affects.

### FINDING OF FACT

The Trustees, Kent Woodward; Frank Harvey, Jr.; and Jerome Holub did on the 9th day of March 1960 file an application to compromise certain lien claims and rights to ownership of patents which have been in litigation between the bankrupt, Goodride Tire Co., Edward J. Harris, Sydney Albert, and associated companies who are objecting to the compromise. Due notice of the hearing on the application to compromise the dispute was given to all creditors as required by law, and attached to said notice was a copy of the application to compromise and the compromise agreement.

At the said hearing the Trustees appeared with counsel; Sydney L. Albert appeared with counsel, Saul Nadler; Robert C. Brouse appeared on behalf of Goodride Tire Company and Edward J. Harris; Paul A. Weick, Jr. appeared on behalf of Edward Harris.

The Trustees unanimously recommended to the Court that the compromise as filed be approved. The Court finds that the Trustees do have on deposit the sum of Two Hundred Thirty-Five Thousand Nine Hundred and 80/100 Dollars ($235,-900.80) and of this sum, One Hundred Eighty-Five Thousand and no/100 Dollars ($185,000.00) is the balance of the proceeds left after the sale of real estate upon which prior mortgages and lien claims have been paid and to which the lien claim of Goodride Tire Company is attached.

The Court further finds that on May 15, 1957, Goodride Tire Co., an Ohio corporation, obtained a judgment lien against said Albert Harris, Inc. in the sum of One Hundred Seventy-Five Thousand Six Hundred Twenty-Seven and 57/100 Dollars ($175,627.57) that said judgment lien had been obtained in the Court of Common Pleas of Summit County in case No. 207611; and that upon the request of Sydney Albert, as an officer of the bankrupt corporation, this Court authorized and allowed the Trustees to intervene on behalf of the bankrupt corporation in the State Court proceeding. The Trustees did diligently pursue an appeal to the State Court of Appeals and to the Supreme Court of the State of Ohio and both of these Courts found that Albert-Harris, Inc. was indebted to Goodride Tire in the sum of One Hundred Seventy-Five Thousand Six Hundred Twenty-Seven and 57/100 ($175,-627.57) thereby affirming the Court of Common Pleas of Summit County.

The Court further finds that on December 3, 1960 the Trustees filed in the Bankruptcy Court a pleading in reply to the answer of Goodride Tire Co. to the petition to sell for this Court to determine whether the judgment lien be void under Section 70, sub. e of the Bankruptcy Act and certain statutes of the State of Ohio. Said matter is now pending before this Court and is one of the issues in dispute which the compromise attempts to settle.

The Court further finds that Edward J. Harris as an individual obtained a judgment on May 15, 1957 in the Court of Common Pleas of Summit County, Ohio against Albert-Harris, Inc. in the amount of Eighty-Seven Thousand Four Hundred Nine and 22/100 Dollars ($87,-409.22) with interest therein at six percent per annum from the date of said judgment; and that Albert-Harris, Inc., acting through Sydney L. Albert as Treasurer, has petitioned said Common Pleas Court to vacate the judgment and judgment lien. The final order on said petition has not yet been entered by the Court of Common Pleas of Summit County.

The Court further finds that on the 27th day of January 1957 Sydney L. Albert and/or Harold M. Reedal commenced an action being case No. 206165 in the Common Pleas Court of Summit County against Edward J. Harris, Adolph Froelich and others which action sought to require the said Edward J. Harris and Adolph Froelich to assign unto said Albert-Harris, Inc. all patents, applications for patents and inventions which have been obtained, applied for or conceived by them or either of them. Said case was heard and an Order was entered by the Common Pleas Court of Summit County dated December 15, 1959 generally denying the prayer of the petitioners. Said Order is now under appeal on question of law to the Court of Appeals for the 9th judicial district of the State of Ohio.

The Court further finds that should the lien claim of Goodride Tire Co. and Edward J. Harris be found to be valid there would be insufficient funds to pay the cost of further litigation, although the lien claimants did consent to the sale of the real and personal property in the Bankruptcy Court and to be assessed the cost of administration.

The Court further finds that the Treasurer of Summit County has a claim for personal property tax in the amount of Fourteen Thousand Six Hundred Twenty-Five and 50/100 Dollars ($14,625.50). The Director of Internal Revenue previously having been paid tax claims by an Order of compromise entered by this Court on the 7th day of July 1960. A tax levy has been filed by the Director of Internal Revenue on July 12, 1960 against the Trustees for any dividends payable to Lake City Malleable, Inc.

The Court further finds that the only remaining creditors in the estate who have filed claims are Sydney L. Albert, the other objecting creditors as indicated above, Goodride Tire Co. and Edward Harris, the other creditors' claims having been paid by agreement and subrogation of the claims of Goodride Tire Co., Edward Harris, Sydney Albert and the above petitioning creditors' corporations.

The Court finds that Edward J. Harris and Sydney L. Albert each own fifty (50) percent of the stock of Albert-Harris, Inc.

## LAW

The Bankruptcy Act provides that under Section 27 (11 U.S.C. § 50) "Compromise"

"The Trustee, or Receiver-Trustee may, with the approval of the Court, compromise any controversy arising in the administration of the estate upon such terms as he may deem for the best interest of the estate."

The procedure for obtaining a compromise is governed also by General Order 33 of the Bankruptcy Act. The Trustees did under said application as filed clearly set forth the subject matter of the controversy and the reason why it is proper and for the best interests of the estate. The controversy should be settled by arbitration or compromise. The Court in Drexel v. Loomis, 8 Cir., 35 F.2d 800, has set forth certain standards determining the advisability of accepting an offer of compromise. They are:

1. the probability of the success of the litigation

2. the difficulty, if any to be encountered in the matter of collection

3. the complexity of the litigation involved and expense and inconvenience in delay necessary in obtaining it

4. the paramount interests of the creditors and a proper deference to their reasonable view in the premises.

One of the important considerations that the Trustee or Receiver must make when he considers a compromise which will reduce the size of the estate is the uncertainty and the cost of litigation as well as the existence of an unsettled question of liability.

The very purpose of a compromise is to avoid the determination of sharply contested and dubious issues. The

Courts of Ohio strongly favor compromises as opposed to lengthy and uncertain litigation see 9 OJ (2d) Sec. 5, page 583.

It is also well known that the granting of patent rights in and of itself is no assurance of success. It is necessary in order to develop a patent that considerable funds be expended. The Trustees, should they be successful in the patent litigation, still would only have a right which they would have to offer for sale as Albert-Harris, Inc. is insolvent. There has been no evidence submitted to this Court for its consideration as to the value of these patents to Albert-Harris, Inc.

## CONCLUSION

The Referee must consider, this being an insolvent corporation, that the duty of the Bankruptcy Court is to administer the estate promptly and as economically as possible for the benefit of all creditors and not to speculate on a possible patent ownership. This matter should be left to entrepreneurs who can afford to take such a risk. I point this out as the patent seems to be the only real item in dispute in this compromise.

Objecting counsel is frank in advising the Court that they would expect to be paid for further litigation and also past litigation in the State Court proceeding, especially if they should be successful in winning the patent litigation.

The Trustees in this case have been diligent in the protection of this estate; and they have, on the urging of the general creditors and Sydney Albert, pursued the suits pending in the State Court proceeding; and as of this date, they have not been successful in any one of these proceedings.

At this time to ask this estate to be further burdened with the expense of litigation and with the possibility of penalizing the secured creditors with additional Court costs of administration would seem to this Referee to be in violation of the duties of the Court and the spirit of the Bankruptcy Act.