UNITED STATES v. ILLINOIS SURETY CO. et al.

(District Court, E. D. North Carolina, Wilson Division. January 5, 1917.)

No. 2.

RECEIVERS ☞174(1)—ACTION AGAINST—CONSENT OF APPOINTING COURT—ACTION ON PUBLIC CONTRACTOR'S BOND.

Act Aug. 13, 1894, c. 280, 28 Stat. 278, as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (Comp. St. 1913, § 6923), authorizing action in the name of the United States on the bond of a public contractor for the benefit of persons supplying him with labor and materials, by providing that it shall be brought in the District Court of the United States in the district in which the contract was to be performed, and not elsewhere, displaces, pro tanto, where the surety is in the hands of a receiver, the general rule that a receiver cannot be sued, on a cause of action against the corporation, without consent of the court which appointed him, though any judgment which may be obtained can be enforced against the corporation's property only by intervention in the court having custody thereof.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 333–335; Dec. Dig. ☞174(1).]

At Law. Action by the United States, suing for and on behalf of Ellington & Guy, Incorporated, and others, against the Illinois Surety Company and others. Demurrer to complaint overruled.

A. B. Dickinson, of Richmond, Va., H. G. Connor, Jr., of Wilson, N. C., and J. H. Pou, of Raleigh, N. C., for plaintiffs.

Mark W. Brown, of Asheville, N. C., for defendants.

CONNOR, District Judge. The complaint, as amended, discloses this case:

On July 31, 1913, defendant W. J. Brent Construction Company, of the city of Norfolk, state of Virginia, entered into a contract with the United States, whereby it undertook to construct a post office building in the town of Greenville, N. C. The Construction Company, executed a bond, as provided by the statute, with the defendant Illinois Surety Company, a corporation chartered pursuant to the laws of, and having its principal office in, the state of Illinois, surety, in the penal sum of $26,000, containing, among other conditions, the obliga-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion to "promptly make payment to all persons supplying labor or material in the prosecution of the work contemplated by said contract." The bond was duly accepted by the United States in the manner prescribed by law. Defendant W. J. Brent Construction Company on or about October 16, 1913, contracted with the Ford-Whitehurst Manufacturing Company for material to be used in the construction of the post office building, consisting of window and door frames, doors, windows, lumber, and other mill work, for which the Construction Company promised to pay the sum of $2,360.68, of which it paid the sum of $1,050, leaving unpaid, at the time this action was instituted, and due said Manufacturing Company, the sum of $1,310.68, with interest. This indebtedness was, for value, assigned and transferred to Ellison & Guy, Incorporated. They prosecuted the claim to judgment against the Construction Company, in the law and equity court of the city of Richmond, state of Virginia. Prior to the assignment, and the rendition of the judgment, to wit, on the 17th day of January, 1916, the Ford-Whitehurst Manufacturing Company made affidavit, as required by the provisions of the act of Congress entitled "An act for the protection of persons furnishing materials and labor for the construction of public works," approved August 13, 1894 (28 Stat. 278, c. 280, 6 Fed. Stat. Ann. 125), as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811, 10 Fed. Stat. Anno. 343 (Comp. St. 1913, § 6923), and forwarded same to the Secretary of the Treasury of the United States, and in all other respects complied with the provisions of said statute, and amendments thereto, and thereby became entitled to the benefit of the provisions of said statute, and to prosecute this action against the Construction Company and the Surety Company. The post office building at Greenville, N. C., was completed and turned over to, and accepted by, the United States, and final settlement made for the construction thereof, on the 4th day of August, 1915. A period of more than six months and less than one year from the date of settlement elapsed before the institution of this action, and no suit has been instituted by the United States on its own behalf, or for the use of any other person, firm, or corporation, on account of said contract, or the bond given for securing the performance thereof. Notice has been given by Ellington & Guy, Incorporated, of the pendency of this action to all known creditors of the W. J. Brent Construction Company.

In an action pending in the superior court of Cook county, Ill., wherein H. A. Evans and others are plaintiffs, and the Illinois Surety Company is defendant, on or about April 19, 1916, Jas. S. Hopkins, of the city of Chicago, was duly appointed receiver of said Surety Company, and qualified as required by law and the orders of said court, and was, at the time of the institution of this action, acting as such receiver, having in his possession, and under his control, the assets, rights, credits, and all other property of said Surety Company, for the purpose of administering such assets in accordance with the orders and decrees of said court. Process was duly issued in this action and served as provided by the statutes in such cases made and provided.

Defendant Jas. S. Hopkins, receiver, demurs to the complaint as amended, and for cause of demurrer says that, upon the allegations contained therein, this court has no jurisdiction of the person of the defendant receiver, or the cause of action, in so far as the same relates to him, for that it is not alleged that the consent of the superior court of Cook county, Ill., wherein the action in which he was appointed receiver is now pending, was first obtained for the institution and prosecution of this action, and, further, that if plaintiff is entitled to any relief on account of the matters and things set forth in the complaint, it should be obtained in said action pending in said court, etc.

The sole question presented by the demurrer is whether the general and well-settled rule applies that a receiver, appointed by one court cannot be sued upon a cause of action against the corporation of which he is receiver, in the same court, or in another court, without the consent or permission of the court, by which he was appointed. The rule is thus stated:

"It is a general principle of equity practice that a suit cannot be brought against a, receiver, in his capacity as such, to recover any property in his hands, or to recover on any debt, demand, or claim whatever, against him, unless upon previous leave duly obtained. This rule applies to suits brought either in that court, or in any other court; and, if an unauthorized suit be brought against the receiver, he may successfully plead the disability against the plaintiff." 3 Street's Fed. Eq. Practice, 2676.

This statement of the rule is sustained by the authorities. In Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; the jurisdiction of the court, in the District of Columbia, to entertain an action brought against a receiver of a railroad company, appointed by a court in Virginia, was challenged by a plea averring that the plaintiff had not obtained leave of the Virginia court to sue its receiver. Plaintiff demurred to the plea. From a judgment overruling the demurrer, plaintiff sued out a writ of error. In the opinion of the court, affirming the judgment, Mr. Justice Woods, to the same suggestion made by counsel here, that the jurisdiction of the court was not ousted by the receivership, that the "only consequence resulting from prosecuting the suit without such leave is that the plaintiff may be restrained by injunction or attached for contempt, and that the rule applies only to cases where the suit is brought to take from the receiver property whereof he is in possession by order of the court," said: "We conceive that the rule is not so limited." The learned justice proceeds to say that if the plaintiff may, without leave of the court appointing the receiver and having, through its officer, possession of the property, prosecute his action to judgment, he may by execution, or other final process, subject the property to sale, and thereby interfere with or altogether prevent its administration by the court. It has been held by courts of high authority that the receiver cannot, by plea or demurrer, challenge the statutory jurisdiction of the court, in which the action is brought, to proceed to judgment fixing the liability of the person or corporation; that he should apply to the court appointing him for an injunction restraining the plaintiff from prosecuting the action against him, obedience to which could be enforced by attach-

ment for contempt. This view is sustained by many decisions. 23 Am. & Eng. Enc. (2d Ed.) 1125. It is held that, if plaintiff recovers judgment in his action, he must seek satisfaction by taking a transcript to the court having the control and administration of the property of his debtor—always a court of equitable power, which can declare and enforce priorities, liens, etc. However this may be, the case cited by demurrant sustains his contention that, in the federal court, the jurisdiction to entertain a suit against a receiver to recover a debt or demand against the corporation whose property is in his custody as receiver may be attacked by plea or demurrer. In Porter v. Sabin, 149 U. S. 479, 13 Sup. Ct. 1008, 37 L. Ed. 815, the jurisdiction of the court was attacked by a demurrer. The court dismissed the action. These decisions are of controlling and authoritative force.

Counsel for defendants insist that, conceding the rule claimed by demurrant, the instant case does not come within it, by reason of the express provision of the statute which confers the right of action and prescribes in what court and in what venue it must be brought. This contention presents a somewhat novel and interesting question. The statute provides that the action, given to the materialman, or laborer, upon the bond given by a contractor, may be prosecuted in the name of the United States and be brought "in the Circuit [District] Court of the United States in the district in which the contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere." This provision of the statute was passed upon and enforced in United States v. Construction Co., 222 U. S. 199, 32 Sup. Ct. 44, 56 L. Ed. 163, in which it is said:

"Considering the purpose of the statute, as manifested in these provisions, we think that the restriction respecting the place of suit was intended to apply, and does apply, to all actions brought in the name of the United States for the purpose only of securing an adjudication and enforcement of demands for labor or materials, whether instituted by the United States or by the creditors themselves."

To the suggestion made in that case that the defendants, or some of them, were inhabitants of another district, and that this fact constituted "an insuperable barrier to the maintenance of the action in the district wherein the contract was to be performed," the court said:

"This supposition is a mistaken one, for the provision restricting the place of suit operates pro tanto to displace the provision upon that subject in the general jurisdictional act, * * * and amply authorizzes the Circuit Court in the district wherein the action is required to be brought to obtain jurisdiction of the persons of the defendants through the service upon them of its process in whatever district they may be found."

It is therefore manifest that the superior court of Cook county, Ill., cannot entertain this action, nor permit its institution and prosecution therein. The jurisdiction of this court is exclusive. If the contention of the receiver is sustained, the persons in whose behalf, and for whose benefit, this highly remedial statute was enacted, find themselves, in the instant case, in the singular attitude that, with a perfect statutory remedy, conferred by an act of Congress, the power to enforce the right in the only court having jurisdiction is dependent upon the consent of the judge of the superior court of Cook county, Ill.

They cannot sue in that court, because the act which gives them the right to sue expressly restricts them to this jurisdiction. But for this provision they could, as of legal right, intervene in the court having custody of the property of the Surety Company. If the judge of that court, and this is suggested with perfect respect, refuses to give suchi permission, it would seem that plaintiffs would be without remedy. That the application would be addressed to the discretion of the court, and not as a demand for permission to exercise a legal statutory right, is shown by the language used in Porter v. Sabin, supra. Mr. Justice Gray says:

"It is for that court [the court appointing the receiver] in its discretion to decide whether it will determine for itself all claims of, or against, the receiver, or will allow them to be litigated elsewhere, * * * and no suit, unless expressly authorized by statute, can be brought against the receiver, without permission of the court which appointed him." 3 Street's Fed. Eq. Prac. 2679.

The contention of the receiver, therefore, comes to this: Unless the judge of the superior court of Cook county, Ill., in the exercise of his discretion, gives plaintiffs permission to bring their suit in the only court in which it can be brought, they are without remedy, and the federal statute, as to them and their right, is of no effect. The receiver suggests that plaintiffs should, before bringing this action, have made application to the state court for permission to sue in this court. This contention leads to the conclusion that the jurisdiction of this court is dependent upon the permission of the state court, but, if permission is withheld, jurisdiction attaches because of the refusal of that court to grant such permission, or that the refusal to grant permission to sue prevents this court from taking jurisdiction. If plaintiff is required, before he can sue in this court, to apply to the state court for permission to do so, and such permission is denied, and notwithstanding such denial he comes into this court, he is confronted with the danger of an attachment for contempt from that court. It would seem that there must be some way of escape from this condition, resulting in a denial of a well-defined statutory right, by reason of a rule of comity, or convenience, consistent with sound legal principle. It will not be assumed, nor the conclusion reached, unless upon irresistible reason, that Congress has done a vain thing; that in the enactment of a carefully drawn statute, highly remedial in its purpose, it has so hedged about the remedy that it may not be pursued, except by permission, based upon the exercise of the discretion, of a court of another jurisdiction. It is not allowable, unless compelled to do so, for a court to find a casus omissus, which is defined to be the omission in a statute to provide for a particular case coming clearly within its terms. 1 Burrill's Law Dict. 188. It is also an elementary rule that remedial statutes should be construed liberally to promote the remedy. It is equally well settled that:

"A general liability created by statute, without a remedy, may be enforced by an appropriate common-law action; but when the provision for the liability is coupled with a provision for a special remedy, that remedy and that alone, must be employed."

In Globe Newspaper v. Walker, 210 U. S. 356, 28 Sup. Ct. 726, 52 L. Ed. 1096, an action brought under the Copyright Act, it was held that:

"The purpose of Congress was not only to create the rights granted in the statute, but also to create the specific remedies by which alone such rights may be enforced."

So, in Middletown Bank v. Railway Co., 197 U. S. 394, 25 Sup. Ct. 462, 49 L. Ed. 803, it is said, of a statute creating a right and prescribing the forum in, and method by, which it was to be enforced:

"The statute, under such circumstances, may be said to so far provide for the liability, and to create the remedy, as to make it necessary to follow its provisions and to conform to the procedure provided for therein."

In United States v. Congressional Construction Co., supra, meeting the difficulties suggested in bringing the action in the court of the district wherein the contract was to be performed, by reason of other statutory procedural provisions, the court said:

"The provision restricting the place of suit operate pro tanto to displace the provision upon that subject in the General Jurisdictional Act."

In Texas Cement Co. v. McCord, 233 U. S. 157, 34 Sup. Ct. 550, 58 L. Ed. 893, in which the statute now under consideration was before the court, Mr. Justice Day said:

"By this statute a right of action upon the bond is created in favor of certain creditors of the contractor. The cause did not exist before, and is the creation of the statute. * * * The statute thus creates a new liability, and gives a special remedy for it, and, upon well-settled principles, the limitations upon such liability [remedy] become a part of the right conferred, and compliance with them is made essential to the assertion and benefit of the liability itself." United States v. Boomer, 183 Fed. 726, 106 C. C. A. 164.

From these decisions, illustrating the rule of interpretation upon which they are based, the conclusion is reached that, to the extent to which the rule, which requires the consent of the court appointing a receiver to be given before another court can acquire jurisdiction of an action against a receiver, conflicts with the statute, such rule is displaced, or, as sometimes said by the courts in such cases, the case is taken out of the general rule. When the difficulty arises by reason of a conflicting statute, the court will, for the purpose of saving the right and giving the remedy, hold that pro tanto the first statute is, by implication, repealed, and the last statute, for that purpose, be taken to express the latest expression of the legislative mind in that respect. If, as in this case, the supposed conflict arises out of a rule of procedure, based either upon convenience or comity, no difficulty should be found in giving effect to the statute as the expression of the law-making department of the government.

An illustration is found of the application of the principle first stated in Cook County National Bank v. United States, 107 U. S. 445, 2 Sup. Ct. 561, 27 L. Ed. 537. A statute (R. S. § 3466) gave to the United States a preference or priority over other creditors in the payment of debts due by an insolvent person, making a voluntary assignment, etc. A national bank, becoming insolvent, indebted to the United States, was placed in the hands of a receiver. The government asserted its

right, under the statute, to be paid in full out of the assets. The court held that, although the claim of the government was within the terms of the statute, the National Banking Act (Act June 20, 1874, c. 343, 18 Stat. 123), making no provision for the payment of debts due the government in preference to others, withdrew such banks from the class of insolvents included in the statute. Mr. Justice Field said:

"The provisions of that law and of the national banking law being, as applied to demands against national banks, inconsistent and repugnant, the former law must yield to the latter, and is, to the extent of the repugnancy, superseded by it. The doctrine, as to repugnant provisions of different laws, is well settled and has often been stated in this court. A law embracing an entire subject, dealing with it in all its phases, may thus withdraw the subject from the operation of a general law as effectually as though, as to such subject, the general law were in terms repealed. The question is one respecting the intention of the Legislature."

It is held that the provision in Lord Campbell's Act, re-enacted in this and many other American states, limiting to one year the time within which the action conferred or created by the statute must be brought, inheres in the remedy; it takes the action, in respect to time of institution, out of, or displaces, the general statutes of limitation. The same rule is applied in actions given by the statute for the recovery of double the amount of usurious interest paid national banks, limited to two years. The rule of construction is based upon the presumed intention of the Legislature that, in creating new legal right, it prescribes the mode of procedure, jurisdiction, venue, and time of enforcement of the right, all of which are exclusive, and takes the case out of other rules or statutes, in so far as they conflict with the provisions of the statute. It is manifest that Congress was advertent to the fact that these public buildings would be erected in different sections of the country, frequently in towns and states other than those in which surety companies had a chartered domicile; that their domicile would frequently be in the larger cities; that it was intended to remove from general statutory provisions, prescribing venue, jurisdiction, etc., actions brought for the enforcement of liability, and to make a complete and distinct code of procedure in respect to these limitations. It did not intend that other statutes, or rules of court procedure, should conflict with the enforcement of the remedy in the court —the place—and under the limitations in respect to time prescribed by the statute. Of course, such judgment as may be recorded in this action must be enforced against the property of the Illinois Surety Company, in the custody of the state court by its receiver, by intervention in that court; no mesne nor final process can issue against such property from this court. In re Tyler, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689. The only effect of a judgment here will be to ascertain the liability and fix its amount, leaving the plaintiffs to enforce it, by an appeal to the court having the custody of the property and administering it in the interest of all persons having claims against it, according to their rights and priorities.

The demurrer is overruled. The defendant receiver will be granted a reasonable time to answer the complaint.