WALLING, Administrator, Wage and Hour Division, United States Department of Labor, v. BLACK DIAMOND COAL MINING CO. et al.

No. 84.

District Court, W. D. Kentucky, Owensboro.

March 4, 1943.

Irving J. Levy, Acting Sol., and Mortimer B. Wolf, Asst. Sol., both of Washington, D. C., Jeter S. Ray, Regional Atty., and John L. Young, Associate Atty., both of Nashville, Tenn., for plaintiff.

W. J. Webb, of Mayfield, Ky., and T. J. Sparks, of Greenville, Ky., for defendants.

SWINFORD, District Judge.

The plaintiff is the Administrator of the Wage and Hour Division of the Department of Labor. The defendants, employers of labor, are the receiver, in a state court proceeding, of the Black Diamond Coal Company, and the Black Diamond Coal Company.

The plaintiff seeks to enjoin alleged violations of the provisions of Section 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, 52 Statutes 1060, 29 U.S.C.A. § 201 et seq.

The record is now before me on the defendants' motion to make the complaint more definite and specific and to require the plaintiff to file a bill of particulars. The defendants also filed a motion to dismiss. I will discuss these motions in the order named.

The motion to make more specific and for a bill of particulars should be overruled. The pleading is sufficiently clear to enable the defendants to respond and to prepare their defenses.

The pleading complies with Federal Rules of Civil Procedure, rule 8(a), 28 U.S.C.A. following section 723c. The defendants' reliance upon Rule 12(e) is of

no avail. This rule may only be invoked when the pleading is so vague or uncertain that the defendant cannot adequately prepare responsive pleadings. The short, direct and concise pleading required by Rule 8(a) should be encouraged. Its benefits should not be nullified by a too liberal construction of 12(e). The nature of the instant case lends it to a strict construction of 8(a) and a denial of the defendants' motion. The defendants, especially since they are an operating receivership, must be presumed to have records on which they base the payments to employees. These records are in their hands. They must surely rely largely, if not altogether, upon these records to sustain a defense to the charges in the complaint. No bill of particulars could add anything to their knowledge.

The motion to dismiss should be overruled.

■ The first question raised by the motion is that the case should have been brought in the Bowling Green division rather than at Owensboro. It is conceded by the defendants that this is a question which addresses itself to the discretion of the court. From the record before me and from the arguments and discussion with counsel at the oral hearing in Louisville, I am unable to see that there would be any greater inconvenience to the defendants or either of them to try the case at Owensboro rather than at Bowling Green. The distances from the place of business and from the witnesses are approximately the same. There is no special advantage to either party in making the change. It appears from the complaint that the principal office of the coal company is in Drakesboro in Muhlenberg County, in the Owensboro division of the court, and the defendant W. W. Bridges is alleged to live in Drakesboro. There is nothing in the record, which I am entitled to consider on this motion to dismiss, that disputes these facts. The case was properly brought in the Owensboro division as required by Section 53 of the Judicial Code, 28 U.S. C.A. § 114.

■ In considering the defendants' argument that the complaint should be dismissed because the plaintiff has an adequate remedy at law it should be borne in mind that this record is before the court on a motion to dismiss. This motion, like a demurrer, admits the truth of the allegations of the complaint. It therefore admits that there has been a violation of the Fair Labor Standards Act. The statute which gave the right of action to the plaintiff expressly provided relief by injunction. Section 17 of the Act, 52 Stat. 1069, 29 U.S.C.A. § 217. The defendants rely upon Section 267 of the Judicial Code, 28 U.S.C.A. § 384, to sustain their position. This section provides that "suits in equity shall not be sustained in any court of the United States * * * where a plain, adequate, and complete remedy may be had at law."

It is settled that the "remedy" at law must be in the federal courts. City of El Paso et al. v. Texas Cities Gas Co., 5 Cir., 100 F.2d 501; Petroleum Exploration, Inc. v. Public Service Commission et al., 304 U.S. 209, 58 S.Ct. 834, 82 L.Ed. 1294.

■ An examination of the Fair Labor Standards Act will show plainly that the Administrator has no remedy in the state court but is compelled to bring the action in the federal courts. Section 17.

Consequently, the authorities cited by the defendants would have no application. The Act gives the right to an injunction and fixes the jurisdiction of the action. On the face of the record the plaintiff in this proceeding is conforming strictly to these provisions. The right of the Administrator to enjoin a violation of the Act is purely statutory.

The final question for determination is the conflict with the state court receivership.

This question is so closely related to that of jurisdiction formerly discussed it is difficult to distinguish them as distinct questions. Counsel has identified them somewhat in his brief for the defendants.

Fleming, Adm'r v. Phipps, 35 F.Supp. 627, and the quotation from that opinion contained in counsel's brief present a case in point and may be valuable authority in an argument that the injunction should not issue on final submission, but this case has not reached that stage. I am now asked to determine the sole question of whether the Administrator has a right to bring a proceeding in the federal court to enjoin a state court receiver.

■ I was impressed with the argument of counsel that this question of jurisdiction should be construed in favor of the defendants. There is much force in the argument that one court should not

interfere with the proceedings of a court of concurrent jurisdiction. This is fundamental in our dual system of jurisprudence. The state court proceeding under receivership could, if the prayer of the complaint were sustained, be seriously hampered but I feel that that is not for this court to determine. The Congress undoubtedly had this under consideration at the time of the enactment of the legislation. It provided by Section 16 of the Act, 29 U.S.C.A. § 216, that actions to recover for liability under the Act might be maintained "in any court of competent jurisdiction." But for injunctive relief by the Administrator only the United States Courts have jurisdiction. Section 17, 29 U.S.C.A. § 217. Since the United States court is the only court in which the Administrator can apply for an injunction it must necessarily assume jurisdiction even though its ultimate conclusion might interfere with the receiver and his operation under the state court. The purpose of Congress was to stop unfair labor practices. It had to fix the jurisdiction. It chose to fix that jurisdiction in the United States courts. Unless the Act is for some reason unconstitutional its provisions are mandatory regardless of whom they affect. The constitutionality of the Act is not raised here. The purposes of the Act cannot be defeated by a receiver, employing labor, any more than a private individual or corporation employing labor.

The rule which the defendant seeks to invoke is expressed in the opinion in Porter v. Sabin, 149 U.S. 473, 13 S.Ct. 1008, 1010, 37 L.Ed. 815, in which the court said "no suit, unless expressly authorized by statute, can be brought against the receiver without the permission of the court which appointed him." The proceedings here are "expressly authorized by statute" and the federal court has exclusive jurisdiction.

The statute is remedial of what the Act itself declares to be a condition of labor in industries engaged in interstate commerce, detrimental to the maintenance of the minimum standard of living. It cannot therefore be assumed that to invoke the remedy by proceeding in the chosen tribunal the Administrator must first obtain permission from any authority, but may proceed at once and independently to seek to enjoin a continuance of an unfair labor practice. Any other reasoning would defeat the purpose of the Act and would nullify by judicial fiat the enactment of a statute made necessary by a condition found to exist after careful study by the Congress. United States v. Illinois Surety Company, D. C., 238 F. 840.

The recent case of National Labor Relations Board v. Bachelder, Receiver, etc., 7 Cir., 120 F.2d 574, 576, used the following language which I believe to be directly in point:

"We are of the opinion that there is no merit to the claim that before filing the complaint it was necessary to obtain the consent of the court appointing the receiver. The Labor Relations Act entrusted the exclusive power to prevent unfair labor practices with the Board and designated the Circuit Court of Appeals of the United States as the forum to which petitions for the enforcement or review of Board orders shall be addressed, § 10(a), (e) and (f), 29 U.S.C.A. § 160 (a, e, f). See also Amalgamated [Utility] Workers v. Consolidated Edison Co., 309 U.S. 261, 266–269, 60 S.Ct. 561, 84 L.Ed. 738. The exercise of that jurisdiction does not depend upon the prior leave of a state receivership court. McNulta v. Lockridge, 137 Ill. 270, 27 N.E. 452, 31 Am.St.Rep. 362; [McNulta v. Lockridge], 141 U.S. 327, 12 S.Ct. 11, 35 L.Ed. 796; United States v. Illinois Surety Co., D. C., 238 F. 840; Hopkins v. United States, 246 U.S. 655, 38 S.Ct. 423, 62 L.Ed. 924; United States v. Federal Surety Co., 4 Cir., 72 F.2d 961.

"Equally unsound is the contention that the Act does not apply to a receivership. § 10(a) of the Act empowers the Board to prevent any person from engaging in any unfair labor practice (listed in Section 8 [29 U.S.C.A. § 158]) affecting commerce, and § 2(1) [29 U.S.C.A. § 152(1)] defines the term 'person' as including 'one or more individuals, partnerships * * * or receivers.' A somewhat similar contention was made in National Labor Relations Board v. Colten, 6 Cir., 105 F.2d 179."

I am of the opinion that the motions should be overruled. An order to that effect is this day entered.