DOLORES SANTIAGO FERRER, Plaintiff and Appellee, *v.* EDUVIGIS RODRÍGUEZ CINTRÓN, Defendant and Appellant.

No. 10299. Argued March 1, 1951.—Decided March 14, 1951.

*Diego O. Marrero* and *Federico Valladares* for appellant. *F. Hernández Vargas, E. Rodríguez Otero,* and *Marcos A. Ramírez* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Dolores Santiago Ferrer sued Eduvigis Rodríguez Cintrón praying for a judgment that the defendant be required to transfer title to a certain lot and house to the conjugal partnership consisting of the plaintiff and his wife. The complaint alleged that the plaintiff and his wife had been married for 25 years; that in 1944 the plaintiff bought a certain lot in the name of the defendant and had the deed therefor executed as though the defendant were the true vendee; that the plaintiff put the lot in the name of the defendant in order that she might be the depositary thereof and hold it for the conjugal partnership consisting of the plaintiff and his wife, with the understanding that she would return it as soon as requested by the plaintiff; that the plaintiff has made such requests, which the defendant has refused; that the plaintiff built a house on the lot with money belonging to the conjugal partnership; and that the plaintiff has always been in possession of the lot and house since the purchase of the former and the construction of the latter.

After a trial on the merits, the lower court entered judgment for the plaintiff. The district court made the following findings of fact:

"1. The plaintiff was and is married to Ana Negrón Muñiz.

"2. Prior to the date when the plaintiff persuaded the defendant to become his mistress, the plaintiff bought the lot described in the fifth paragraph of the amended complaint from Deogracia Viera Sosa.

"3. The money with which the plaintiff paid for the said lot was money obtained by the plaintiff by his labor or industry after he was married, that is, it belonged to the conjugal partnership constituted between him and Ana Negrón Muñiz from the date of their marriage.

"4. The property in question is correctly described in the complaint.

"5. The plaintiff built a dwelling, with money belonging to the conjugal partnership, on the lot bought by the plaintiff from Deogracia Viera Sosa.

"6. After the plaintiff succeeded in persuading the defendant to live with him in concubinage, the plaintiff, subject to the offer by her that she would conduct herself properly, offered to make a gift to her of the lot with the house built thereon.

"7. On July 12, 1944 Deogracia Viera Sosa and his wife executed deed of sale No. 64 before Notary Public Pablo Juan y Toro in which Deogracia Viera Sosa and wife and the defendant Eduvigis Rodríguez Cintrón appear making a contract of sale by which Eduvigis Rodríguez Cintrón acquired the lot described in the fifth paragraph of the amended complaint, there appearing in the said deed statements of the defendant and the vendors that the purchase price, $350, had been received by the vendors prior to the execution of the deed.

"8. The plaintiff made an oral gift to the defendant of the real property, consisting of the lot and house, which the plaintiff had acquired and constructed with money of the conjugal partnership.

"9. The defendant abandoned the said house, where she had lived with the plaintiff in concubinage, and the latter took possession thereof, renting it and collecting the rent to date.

"10. After the defendant learned from Lcdo. Francisco Hernández Vargas that the plaintiff had called on the defendant to transfer the house to the conjugal partnership administered by him, she then made a deed of construction and filed an unlawful detainer suit against the tenant." [1]

In its conclusions of law, the district court stated that, in view of the foregoing facts, the conveyance of the lot by the vendor to the defendant was null because it was an attempt by the plaintiff to make a gift to the defendant of real estate of the conjugal partnership without the consent of his wife, which is prohibited by §§ 91 and 1313 of the Civil Code,

---

[1] In a certiorari proceeding we held that Dolores Santiago Ferrer was entitled to intervene in the unlawful detainer suit brought by Eduvigis Rodríguez Cintrón against the tenant because Dolores Santiago was raising in the present suit the issue that Eduvigis Rodríguez held the property in trust for him and his wife. *Rodríguez v. District Court*, 70 P.R.R. 713.

1930 ed.[2]  The lower court then went on to point out that even assuming that the gift in the present case were permitted by law, the gift would be null and void because of the failure to comply with § 575 of the Civil Code.[3]  In support of its position, the lower court cited *Couverthie* v. *Santiago*, 62 P.R.R. 753.[4]

The district court rejected the contention of the defendant that only the plaintiff's wife or his heirs could seek revocation of the gift under § 586-98 of the Civil Code.  The

---

[2] These Sections read as follows:

"Section 91.—The husband shall be the administrator of the conjugal property, except when stipulated .otherwise.

"The purchases made by the wife out of the conjugal property shall be valid when the said purchases comprise things or articles for the use of the family, in accordance with their social position.

"Nevertheless the real property belonging to the conjugal community may not be alienated or burdened, such a transaction being null, except when effected with the mutual consent of both parties to the marriage."

"Section 1313.—Notwithstanding the power which the husband has as administrator he shall not have the power to give, to sell and to bind for a consideration the real estate of the conjugal partnership, without the express consent of the wife.

"Every sale or agreement which the husband may make in respect to the said property in violation of this section and the other provisions of this Code, or in fraud of the wife shall be null and shall not prejudice her or her heirs."

See *Robles* v. *Guzmán*, 67 P.R.R. 671; *cf. Pérez* v. *Hawayeck*, 69 P.R.R. 46.

[3] Section 575 reads as follows:

"In order that a gift of real property may be valid it shall be made in a public instrument, stating therein in detail the property bestowed as a gift and the amount of the charges, which the donee must satisfy.

"The acceptance may be made in the same instrument bestowing the gift or in a different one; but it shall produce no effect if not made during the life of the donor.

"If made in a different instrument the acceptance shall be communicated to the donor in an authentic manner, and this proceeding shall be recorded in both instruments."

[4] In *Couverthie* v. *Santiago*, *supra*, we said at p. 758 that "According to § 575 of the Civil Code, in order that a gift of real property may be valid it must be made by public instrument, and in order that it may be effective, it must be accepted, also in a public instrument, during the life of the donor.  Consequently, such a gift when made verbally is nonexistent and can not constitute the just title required for the ordinary prescription of ten years."

position of the court was that revocation of a gift was not involved; that on the contrary the problem was nonéxistence of a gift for failure to comply with § 575; and that this could be raised by anyone with an interest, in contrast to the question of voidability, which could not be raised by the person who causes the same.

On appeal, the defendant assigns ten errors. The first assignment is that the lower court erred in denying the defendant's motion to eliminate from the complaint the allegations that the plaintiff and his wife had been married for 25 years; that all their property was community property; and that the plaintiff bought the lot for $350 which belonged to the conjugal partnership. The theory of the plaintiff was that under the facts alleged by him the defendant held the lot in trust for the conjugal partnership under a constructive trust. As already noted, the lower court entered judgment for the plaintiff under a different theory; namely, that the plaintiff had attempted to make a nonexistent gift to the defendant of community property. However, under either theory the allegations in question were relevant to the dispute between the parties. The lower court therefore properly overruled the motion to eliminate. In any event, we fail to see any prejudice to the defendant even if these allegations had been redundant or immaterial. 2 Moore's Federal Practice, 2nd ed., p. 2318.

The second assignment is that the lower court erred in overruling the motion to make the complaint more definite. Such a motion, under Rule 12 (e) of the Rules of Civil Procedure, has the same purpose as a motion for a bill of particulars. 2 Moore, *supra*, p. 2293. It may be granted only when the pleading is so vague and uncertain that the opposing party cannot adequately prepare a responsive pleading. 2 Moore, *supra*, p. 2303 *et seq.* And here the complaint was sufficient to require an answer. *Heirs of Romero* v. *District Court*, 71 P.R.R. 762. The motion was therefore properly denied. Moreover, even if the motion had been

meritorious, the defendant suffered no prejudice from the denial thereof.

■ We think it appropriate to add that the Rules contemplate simple and relatively brief pleadings. Here the defendant was seeking information of an evidentiary nature.[5] She was entitled to it, and could have obtained it prior to trial by depositions, discovery and interrogatories. *Water Resources Authority* v. *District Court*, 66 P.R.R. 796. But she could not encumber the pleadings with the details of the evidence by moving to make the complaint more definite or by asking for a bill of particulars. 2 Moore, *supra*, p. 2279 *et seq.; Water Resources Authority* v. *District Court, supra; Walling* v. *Black Diamond Coal Mining Co.*, 59 F. Supp. 348 (Dist. Ct., Ky., 1943).

■ The third assignment is that the lower court erred in denying the motion to dismiss the complaint. We think the complaint stated facts sufficient to constitute a cause of action on the theory of a constructive trust. *Ruiz* v. *Ruiz*, 61 P.R.R. 794; see footnote 1. The case relied on by the defendant, *Vickers* v. *Vickers*, 65 S. E. 885 (Ga., 1909) is not applicable. There the court held that there had been an absolute gift. The allegations here are to the contrary.

The fourth assignment is that the lower court erred in overruling her second motion to dismiss, filed after the trial of the case but before decision of the case by the lower court. The position of the defendant here is that in the complaint the plaintiff attempted to allege only a cause of action based on a constructive trust; but even assuming that he had alleged an invalid gift, the complaint did not state a cause of

---

[5] The motion to make the complaint more definite prayed that the plaintiff be required to allege in his complaint (1) the character in which the plaintiff appeared in the deed and if it was under a power of attorney, that he state how he was appointed; (2) whether the condition on the basis of which the plaintiff bought the lot was in the deed and if not, whether it was in any other document; (3) why he built the house; (4) what was the plan of construction of the house; (5) the name of the head carpenter in charge thereof; (6) the carpenters and employees whom he used; (7) the materials used; (8) the period of time during which the house was built.

action because (1) the case does not come within the provisions of §§ 586–598 of the Civil Code for revocation of gifts and (2) the cause of action for nullity or nonexistence of a gift by a husband of real property belonging to the community property under §§ 91 and 1313 of the Civil Code may be exercised only by the wife or the heirs. As already noted, the lower court rejected these contentions in its conclusions of law which we have summarized herein. We have nothing to add to the statements made by the district court in this respect. See *Hernández* v. *Ayala*, 68 P.R.R. 883.

■ The fifth assignment is that the lower court erred in deciding the case on the basis of nonexistence of a gift when the complaint alleged a constructive trust. We have seen that the allegations of the complaint were such that it stated a cause of action on the theory of a constructive trust. See footnote 1. That is to say, the lower court could have properly entered judgment for the plaintiff if it had found as a fact that no absolute gift had been intended. But even though the lower court apparently found as a fact that a gift of real estate had been intended, we fail to see why it was not proper for the lower court to enter judgment for the plaintiff on the different legal theory of nonexistence of the gift.

The defendant stipulated most of the facts on which the lower court based its judgment that the gift was nonexistent. The mere fact that the plaintiff alleged that he made no absolute gift should not be permitted to prejudice his right to a holding that the gift was inexistent even if as a fact he attempted to make an unconditional but nonexistent gift. Under these circumstances the pleadings may be considered as amended to conform to the evidence under Rule 15(*b*). *Mena* v. *Llerandi*, 70 P.R.R. 163, 167, and cases cited; cf. *Rivera* v. *Heirs of Díaz*, 70 P.R.R. 168, 199, concurring opinion.

■ In the sixth assignment the defendant contends that the lower court erred in finding as a fact that the

plaintiff made a gift of real estate to the defendant. The position of the defendant is that the evidence shows that the plaintiff gave the defendant $350 by putting this sum in the hands of Mr. Viera in order that the latter should deliver therefor a deed for the lot and that the plaintiff periodically invested sums of money in the construction of the house for the defendant.

There would have been no legal bar to a gift of $350 by the plaintiff to the defendant which could be used to purchase a lot. In the same way, the plaintiff could have validly given the defendant money which could be used to construct a house on the lot. The difficulty is that the lower court did not find that these were the facts. Rather it found that the plaintiff purchased the lot with $350 belonging to the conjugal partnership; that the lot then belonged to the community; that the only thing remaining to formalize the transaction was execution of the deed; that thereafter the plaintiff attempted to make a gift of the lot to the defendant by directing the vendor to execute a deed in her name. Under these facts, the plaintiff violated §§ 91 and 1313 of the Civil Code prohibiting alienation of conjugal real property by the husband without the consent of the wife. In addition, his direction to the vendor to execute a deed therefor in the name of the defendant did not constitute compliance with § 575, which requires a donor of real estate to make the same in a public instrument. And the failure to comply with § 575 made the gift nonexistent. Likewise, the lower court found that the house was built by the plaintiff out of funds of the community and that the house was thereafter orally donated to the defendant. The record contains sufficient evidence to support these findings of fact. We are therefore not at liberty to disturb them.

The seventh assignment is that the lower court erred in concluding as a matter of law that "real estate was involved, in relation to which there was established the inexistence of a gift." But once we accept the findings of fact of

the lower court, there can be no question that as a matter of law there was an attempt by the husband to make a gift of real estate of the conjugal partnership without the consent of the wife, in violation of §§ 91 and 1313 and without complying with § 575.

The eighth assignment is essentially a repetition of the fifth error. However, under it the defendant makes the contention that the action for nullity of the gift had prescribed pursuant to § 1253 of the Civil Code as this suit was brought more than 4 years after the gift was made. But, as pointed out by the lower court, this is not an action to annul the gift, but rather an action for a declaration of non-existence of the gift, which never prescribes. See *Crespo* v. *Schluter*, 58 P.R.R. 833; *Trías* v. *Leaf Tobacco Co.*, 50 P.R.R. 88; *Suc'n of Suro* v. *Suc'n of Prado et al.*, 21 P.R.R. 227.

The ninth and tenth errors concern matters already discussed in the course of this opinion.

The judgment of the district court will be affirmed.

Mr. Chief Justice De Jesús did not participate herein.